UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40848
Summary Calendar
_____

MORRIS DALE GEORGE,

Plaintiff - Appellant,

versus

JAMES A. LYNAUGH, Director; JAMES E. RILEY, Executive Director of
TDCJ; JAMES A. Collins, Director; ROBERT OWENS, Director of Pardons
and Paroles Division of TDCJ; MELINDA BOZARTH, Director of Pardons
and Paroles Division of TDCJ; WILLIAM H. BROOKS, Director of Parole
Selection, TDCJ Pardon and Parole Division; JIM BOWLES, Dallas
County Sheriff; ISRAEL ALVAREZ, Administrative Assistant to the
State Classification Committee; CAY CANNON, TDCJ Bureau of
Classification; NATHANIEL QUARTERMAN, Warden, Coffield Unit; HARRY
KINKER, Warden, Coffield Unit; HILTON C. BRYANT, Chief of Unit
Classification, Coffield Unit; UNIDENTIFIED ROGER, Unidentified
Agent of Dallas Sheriff's Office; Records Division,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Texas
(6:95-CV-335)
_____

March 20, 1996
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Morris Dale George, *pro se* and *in forma pauperis*, appeals the

dismissal of his 42 U.S.C. § 1983 action.  We AFFIRM.

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

George's action concerned the deprivation of jail time credit for 138 days that George spent in custody on a parole prerevocation warrant. George was confined to the Dallas County jail and Concept, Inc. I.S.F. from March 1992 until July 1992, when the warrant was withdrawn and his parole continued. He was later arrested on a second prerevocation warrant; his parole was revoked; and he was returned to the Texas Department of Criminal Justice (TDCJ). George realized, after his arrival at the Coffield Unit, that he had not been credited for the 138 days that he was confined pursuant to the first warrant. George alleged that he notified various officials, but to no avail. George ultimately sought and received state habeas relief, but, by that time, he had been released on mandatory supervision. George contends that the failure to credit his time caused him to remain in prison four and one half extra months.

George consented to trial by a magistrate judge. He contended that his right to due process was violated by the many defendants, which the magistrate judge described as forming two groups: the first was state officials, employed by the prison system, who failed to correct the problem once George was returned to the TDCJ; and the second was members of the Dallas County Sheriff's Department (the sheriff and one unnamed defendant) who failed to provide the TDCJ with documentation showing the 138 days George spent in custody.

The magistrate judge transferred the claims against the sheriff and unnamed defendant to the Northern District of Texas, where she determined venue was proper, but retained the claims against the state officials. Regarding those claims, the magistrate judge held they had no basis in law and dismissed them.

II.

At issue are whether the magistrate judge abused her discretion by dismissing the claims against the state officials as frivolous, by denying George's motion to amend his complaint, and by refusing to appoint counsel to represent him; and whether the magistrate judge erred in transferring the claims against the Dallas County defendants.

A.

George claimed that the state officials denied his right to due process. An *in forma pauperis* complaint may be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d), if it lacks an arguable basis in fact and law, and we review such a dismissal for abuse of discretion. *E.g.*, **Ancar v. Sara Plasma**, 964 F.2d 465, 468 (5th Cir. 1992). Because George received an adequate post deprivation remedy, in the form of state habeas relief, and because George did not allege any facts to demonstrate that the conduct of any of these defendants rose above mere negligence, the magistrate judge correctly concluded that George's claim of constitutional harm lacked any basis in law. There was no abuse of discretion.

B.

Denial of leave to amend a complaint is reviewed only for abuse of discretion. *E.g.*, **Ashe v. Corley**, 992 F.2d 540, 542 (5th Cir. 1993). George failed to file a proper amended complaint with his motion. Rather, the complaint incorporated and made reference to the original complaint. Denial of leave to amend was within the magistrate judge's discretion.

C.

We review the denial of a motion to appoint counsel for abuse of discretion. *E.g.*, **Ulmer v. Chancellor**, 691 F.2d 209, 212 (5th Cir. 1982). A trial court is not required to appoint counsel for an indigent plaintiff in a § 1983 action unless exceptional circumstances exist. **Ulmer**, 691 at 212. Because this case does not involve particularly complex facts or require skill in the presentation of evidence or cross examination, and because George has demonstrated his ability to present the issues, the magistrate judge acted within her discretion.

D.

Because an order transferring venue is an interlocutory order and is not appealable, we lack jurisdiction on this appeal to review the transfer of the claims against the county defendants. *See* **Enplanar, Inc. v. Marsh**, 11 F.3d 1284, 1298 (5th Cir.), *cert. denied*, __ U.S. __, 115 S. Ct. 312 (1994).

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

- 4 -